**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PETER D. GUGLIETTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIDELIS RECOVERY SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

```
FILED STAMP: JULY 24, 2008
08CV4215
JUDGE DOW JR.
MAG. JUDGE VALDEZ
J. N.
```

## COMPLAINT

## INTRODUCTION

1.     Plaintiff Peter D. Guglietta brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Fidelis Recovery Solutions, Inc..  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 205 ILCS 425/1 et seq. ("ICAA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant transacts business within this District.

## PARTIES

6.      Plaintiff Peter D. Guglietta is an individual who resides in the Northern District of Illinois.

7.      Defendant Fidelis Recovery Solutions, Inc. is a corporation chartered under the law of Maryland with offices at 1395 South Marietta Parkway, Building 500, Suite 200, Marietta, GA 30067.

8.      Defendant Fidelis Recovery Solutions, Inc. does business in Illinois. Its registered agent and office are Faxxon Legal Info Services, Inc., 1 West Old State Capitol Plaza, Suite 805, Springfield, IL 62701.

9.      Defendant Fidelis Recovery Solutions, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.     Defendant Fidelis Recovery Solutions, Inc. is a debt collector as defined in the FDCPA.

11.     Defendant Fidelis Recovery Solutions, Inc. holds a collection agency license under the Illinois Collection Agency Act.

## FACTS

12.     Defendant Fidelis Recovery Solutions, Inc. has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes.

2

13.    On multiple occasions during May and June 2008, defendant's representatives left improper voicemail messages for plaintiff at both home and work.

14.    On or about May 13, 2008, a representative of defendant Fidelis Recovery Solutions, Inc. called plaintiff's place of employment and asked to speak to plaintiff's supervisor about an "important business matter." The call was transferred to plaintiff's line.

15.    Plaintiff was not provided with advance written notice of such attempts to contact his employer or supervisor.

16.    During the first two weeks of May 2008, defendant Fidelis Recovery Solutions, Inc. called plaintiff at his place of employment several times a day.

17.    On or about May 13, 2008, plaintiff sent defendant Fidelis Recovery Solutions, Inc. a letter (Exhibit A, attached) directing defendant not to contact him at work.

18.    Defendant continued contacting plaintiff at work.

19.    On or about June 3, 2008, plaintiff sent defendant Fidelis Recovery Solutions, Inc. a letter by certified mail asking for verification of the debt. A copy of this letter and the return receipt, showing that it was received on June 6, 2008, is attached as Exhibit B.

20.    At no time has verification been provided.

21.    On information and belief, at no time did defendant send plaintiff the notice required by 15 U.S.C. §1692g.

22.    On or about June 5, 2008, at 12.14 p.m., a representative of defendant Fidelis Recovery Solutions, Inc. using the name Emil Robbins and with a male voice left another voicemail message for plaintiff at his place of employment, as follows:

> Ah yes, my name is Emil Robbins. I'm calling for Mr. Guglietta. My number is 678-255-2078. I'm in the office until 5 p.m. Eastern. Again, 678-255-2078.

23.    The number 678-255-2078 is issued to defendant Fidelis Recovery Solutions, Inc.

24.    On or about June 10, 2008, at 11.59 a.m., a representative of defendant

Fidelis Recovery Solutions, Inc. using the name Romania Grimes with a female voice left

another voicemail message for plaintiff at his place of employment, as follows:

> Hi Peter, this is Romania Grimes. I need a call back today sir. I can be reached at
> 877-668-0661. My extension is 2225. Thank you.

25.     The number 877-668-0661 is issued to defendant Fidelis Recovery

Solutions, Inc.

## COUNT I – FDCPA

26.     Plaintiff incorporates paragraphs 1-25

27.     Defendant's calls and messages  violated 15 U.S.C. §§1692c, 1692c(a),

1692c(b) 1692d, 1692d(5), 1692d(6). 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692e(14).

28.     Each telephone message was a "communication" within the meaning of 15

U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669

(S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118

(C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v.

Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D.

Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist.

LEXIS 47953 (M.D.Fla., July 14, 2006).

29.     The  messages do not contain the warning required by 15 U.S.C.

§1692e(11).

30.     The messages did not identify defendant at all.

31.     Defendant attempted or threatened to contact a third party, plaintiff's

supervisor, for purposes other than obtaining location information.

32.     Defendant contacted plaintiff at his place of employment after being told

he could not be contacted there.

33.     Defendant contacted plaintiff with a frequency amounting to harassment.

34.     Section 1692c provides:

> **§ 1692c.          Communication in connection with debt collection**

**[Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--**

**. . . (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.**

**(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

35.    Section 1692d provides:

**§ 1692d.    Harassment or abuse [Section 806 of P.L.]**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

**(6)    Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

36.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or**

**that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication  with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

37.    Plaintiff was frightened and upset by the messages and other conduct complained of.

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against defendant for:

(1)    Statutory damages;

(2)    Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

## COUNT II  – ILLINOIS COLLECTION AGENCY ACT

38.    Plaintiff incorporates paragraphs 1-25.

39.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order.**

**(15) Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. For purposes of this Section the following conduct shall constitute harassment: . . .**

6

**(D) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. . . .**

**(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

40.    Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**

**(3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication.**

**(b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

41.    A private right of action exists for violation of the ICAA. Sherman v.

Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

42.    Plaintiff was damaged as a result.

7

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

    a.    Compensatory and punitive damages;

    b.    Costs.

    c.    Such other and further relief as is appropriate.


                                    s/ Daniel A. Edelman
                                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

                                    s/ Daniel A. Edelman
                                    Daniel A. Edelman

8

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21695\Pleading\Complaint_Pleading.wpd

9

```
08CV4215
JUDGE DOW JR.
MAG. JUDGE VALDEZ
J. N.
```

# EXHIBIT A

May 13, 2008

Emil Robbins
Fidelis Recovery Solutions
1395 South Marietta Parkway
Building 500, Suite 200
Marietta, GA 30067

Dear Emil Robbins:

SUBJECT: MBNA

This letter is a notice to your firm to refrain from contacting me at my work address or work phone number, as you have been attempting to do. In the past two weeks, you have repeatedly attempted to call me at work, leaving messages that failed to identify who you were representing, what the nature of your call was about, nor did you leave a viable return phone number to call. Whenever I attempted to call back the number you left on my voicemail, only doing so once I had arrived at my home residence, nobody answers the phone, regardless of which of the various numbers you leave.

Today, your attempt to call me at work was particularly unethical. You demanded to our receptionist that you speak to my supervisor. As she tipped me off to this, I accepted your call and once again you failed to tell me whom you represented until I asked you what the call was about. When you left me a number to call you back, my attempts to do so from my cell phone again went unanswered.

Mr. Robbins, this constitutes a clear case of harassment and a blatant violation of the Fair Debt Collection Practice Act. I am forwarding a copy of this letter to the law firm of Edelman, Combs, Latturner, & Goodwin. If you continue to call me at my place of employment and continue to use the same tactics then the next communication you will have will be from the Edelman firm.

With this letter, I am demanding that you cease all attempts to contact me at my place of employment.

Sincerely,

Peter D. Guglietta
926 Greenfield Court
Mt. Prospect, IL 60056


cc:    Edelman, Combs, Latturner, & Goodwin LLC

08CV4215
JUDGE DOW JR.
MAG. JUDGE VALDEZ
J. N.

# EXHIBIT B

June 3, 2008

Fidelis Recovery Solutions
1395 South Marietta Parkway
Building 500, Suite 200
Marietta, GA  30067

ATTN: Emil Robbins

**RE: MBNA**

Dear Mr. Robbins,


Pursuant to the Fair Debt Collection Practices Act (FDCA), I am requesting via this correspondence, a break down of the debt which you seek to collect, providing both the current owner of the debt, and the principal and interest.  I also request, pursuant to the FDCA, a copy of the original contract and terms in effect.

In response to your phone call on 5/31/2008 regarding a settlement, I request that you put the terms of the proposed settlement in a letter responding to this correspondence.

We have made previous requests for both documents and have yet to receive either one from Fidelis.

Finally, in your correspondence, please provide a summary of the payments authorized by my wife.

Sincerely,

Peter D. Guglietta
926 Greenfield Court
Mt. Prospect, IL  60056



Cc: Edelman, Combs, Latturner & Goodwin LLC



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7007 2560 0002 0588 1599

MARIETTA GA 30067

| | | | |
|---|---|---|---|
| Postage | $ | $0.42 | 0025 |
| Certified Fee | | $2.70 | 30 |
| Return Receipt Fee (Endorsement Required) | | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | JUN 3 2008 |
| Total Postage & Fees | $ | $5.32 | 06/03/2008 |

Sent To *Fidelis Recovery Solutions*
Street, Apt. No.; or PO Box No. *1 395 So. Marietta Pkwy, Bldg 500, Ste 200*
City, State, ZIP+4 *Marietta, GA 30067*

PS Form 3800, August 2006          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fidelis Recovery Solutions
1395 So. Marietta Parkway
Bldg. 500, Suite 200
Marietta, GA 30067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery   6-6-08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7007 2560 0002 0588 1599

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

Peter D. Gugliotta
926 Greenfield Court
Mt. Prospect, IL 60056